

FILED

09/01/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0413

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0413

FILED

SEP 0 1 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

AMANDA RAE PARRISH,

Petitioner,

v.

ORDER

CAPTAIN RAUSER,
Broadwater County Detention Center,

Respondent.

Amanda Rae Parrish petitions on her own behalf for a writ of habeas corpus pursuant to § 46-22-101, MCA, claiming that her incarceration is illegal. She points out that her arrest occurred several years ago for possession of a Clonazepam pill, that she appealed her conviction, and that she sought postconviction relief. Parrish claims that the "only critical component to the State's case is not part of the record" and thus there is no evidence "to convict [her] of the offense [of] criminal possession of dangerous drugs." She challenges her conviction and raises ineffective assistance of counsel claims. Parrish requests her immediate release from either the Broadwater County Detention Center or the Montana Women's Prison upon any future transfer.[1]

Parrish's petition fails to mention that her 2015 drug possession conviction resulted from a plea agreement after she admitted that she knowingly possessed a Clonazepam pill and hindered a law enforcement officer's investigation by not telling him her correct name. As part of that plea agreement, the State dismissed a bail-jumping charge. We dismissed Parrish's direct appeal based on counsel's motion that no valid issues for appellate review

---

[1] In her Petition, Parrish provides the address of the Broadwater County Detention Center, even though her caption has both the Yellowstone and Butte Silver Bow County Detention Centers listed. Captain Rauser is an employee of the Broadwater County Detention Center, and we amend the caption to comport with the statute concerning physical restraint or incarceration. Section 22-46-201(1)(c), MCA.

existed. *State v. Parrish*, No. DA 15-0471, Order (Mont. Mar. 13, 2016).[2] Parrish then sought postconviction relief in the Yellowstone County District Court. We affirmed the district court's dismissal of her petition, holding that Parrish's conclusory allegations "attempt[ed] to relitigate the underlying criminal case. . . [and] fail[ed] to meet the demands of [the post-conviction pleading requirements.]" *Parrish v. State*, No. DA 18-0210, 2019 MT 53N, ¶ 10, 2019 Mont. LEXIS 84 (Mar. 5, 2019). We concluded that the District Court correctly dismissed her ineffective assistance of counsel claims. *Parrish*, ¶ 11.

Parrish already has had the opportunity to litigate her claims. The doctrine of collateral estoppel applies in civil actions that are "*related to* criminal proceedings (e.g. direct appeal, postconviction proceedings, and habeas corpus review) to preclude relitigation of claims or issues previously addressed by this Court." *State v. Huffine*, 2018 MT 175, ¶ 16, 392 Mont. 103, 422 P.3d 102 (citations omitted). Parrish has not raised any new claims and cannot use the habeas corpus process to relitigate issues previously decided against her or those she could have raised on direct appeal or in a proper postconviction petition. Parrish is not entitled to habeas corpus relief or her immediate release. Section 46-22-101(2), MCA.

IT IS THEREFORE ORDERED that Parrish's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to Captain Rauser, Broadwater County Detention Center; to Kevin E. Vainio; to counsel of record, and to Amanda Rae Parrish personally.

DATED this 1ˢᵗ day of September, 2020.

_____

---

[2]Parrish later sought habeas corpus relief, and this Court denied the petition. *Parrish v. Daly*, No. OP 16-0392, Order (Mont. Jul. 19, 2016).

2

_____

_____

_____

_____
Justices

3